Michael K. Brown (SBN 104252)
mkbrown@reedsmith.com
Lisa M. Baird (SBN 179958)
lbaird@reedsmith.com
Mildred Segura (SBN 210850)
msegura@reedsmith.com
Nabil A. Bisharat (SBN 270305)
nbisharat@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA  90071

Telephone:  213.457.8000
Facsimile:   213.457.8080

Attorneys for Defendants
Medtronic, Inc., Medtronic Sofamor
Danek USA, Inc., Medtronic Vertelink,
Inc., Wyeth LLC (erroneously sued as
Wyeth, Inc.), Wyeth Pharmaceuticals
Inc., Pfizer Inc., Alex Bolanos, Kevin
Bradley, Debbie Pagach, and Maral
Amiri

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD PLUMMER, JOHNNY BALLINGER, TIMERY UEBBING, TERRY MARTINEZ, TABATHIA GATES, SHARON WHITE, SARA MCMILLAN, ROSILAND SPENCER, RONDA HOULE, NINA VINCENT, MICHAEL MCMILLAN, MAUREEN JACQUES, LORI SHOULDERS, LEONARD HUNTER, JIMMY WEEKS, ISABEL BUCKHOLDT, DYLAN WEST, AUDRA GUERRETTAZ, HASKELL CROFT, DAWN TRUAX, SHANNON COMPSTON, DEREK DAVIS, NORVEL DICKENS, GANA BRETT, JIMMY HENDRICK, JEFFERY HINES, BRENDA LANDIS, PATRICK MCCOY, JOHN MANCUSO, MARSHA MORRIS, ANTHONY NORMIL, PIO EMILIA, NANCY SCHREIBER, WILLIE STANBERRY JR., DOUGLAS PRESTIDGE, MARYANNE WAGNER, BYOTHA THOMAS, PATRICIA SHEPARD, ROSEMARY PENTON, NICHOLAS SCHULTZ, MARY TIMMONS, MELODIE WARD, | Case No.: 2:14-cv-00961 GW-FFMx **[PROPOSED] ORDER GRANTING DEFENDANTS MEDTRONIC, INC., MEDTRONIC SOFAMOR DANEK USA, INC., AND MEDTRONIC VERTELINK, INC.'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** Date:        April 3, 2014 Time:        8:30 a.m. Place:       Courtroom 10 First Amended Complaint Filed:  December 18, 2013 Case Removed:    February 7, 2014 Honorable George H. Wu [Concurrently filed with Notice of Motion and Motion to Dismiss; Memorandum of Points and Authorities; and Request for Judicial Notice] |



CYNTHIA GIBSON, SHEILA GOODMAN-GILBERT, KRISTAL REED, PENNY ROMERO, SHIRLEY HANEY, KAREN SAPPINGTON, LINDA THOMPSON, and SCOTT SMITH,

                    Plaintiffs

       vs.

MEDTRONIC, INC. MEDTRONIC SOFAMOR DANEK USA, INC., MEDTRONIC VERTELINK, INC., WYETH INC., WYETH PHARMACEUTICALS, INC., PFIZER, INC., DR. GARY K. MICHELSON, ALEX BOLANOS, KEVIN BRADLEY, DEBBIE PAGACH, MARAL AMIRI, and DOES 1 THROUGH 100, inclusive,

                   Defendants.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 1 –

[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Defendants Medtronic, Inc., Medtronic Sofamor Danek USA, Inc., and Medtronic Vertelink, Inc.'s (collectively "Medtronic") Motion to Dismiss Plaintiffs' First Amended Complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. Proc. 12(b)(6), and for failure to state facts sufficient to support certain claims with particularity pursuant to Fed. R. Civ. Proc. 8 and 9(b) came on for hearing on April 3, 2014 before this Court.

After full consideration of all papers, pleadings and matters subject to judicial notice, as well as counsel's oral argument, and good cause appearing therefore,

**IT IS ORDERED THAT:**

Medtronic's Motion to Dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. Proc. 12(b)(6) for failure to state a claim is hereby **GRANTED**.  Each of Plaintiffs' Causes of Action in the Complaint against Medtronic are expressly preempted by the Medical Device Amendments to the Food, Drug and Cosmetic Act (21 U.S.C. § 360k(a)) as well as impliedly preempted.  *Riegel v Medtronic, Inc.*, 552 U.S. 312 (2008); *Buckman Co. v. Plaintiffs' Legal Comm.*, 531 U.S. 341 (2001).  Each of these causes of action seeks to challenge the FDA's Premarket Approval of Medtronic's Infuse Device pursuant to which the FDA approved the design, manufacture and labeling of the Infuse Device.  The FDA's Premarket Approval process constitutes specific federal requirements that preempt state law tort claims like Plaintiffs', which seek to impose requirements different from, or in addition to, those imposed by the FDA's Premarket Approval process.  *Riegel*, 552 U.S. at 323-24.  Therefore, as a matter of law, none of the causes of action in Plaintiffs' First Amended Complaint against Medtronic can state a claim upon which relief can be granted because they are preempted by the MDA.

Given that federal preemption is a question of law and not fact, granting Plaintiffs leave to amend to plead additional factual allegations would be futile.

– 2 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Moreover, independent grounds exist that warrant dismissal of some of Plaintiffs' claims.

Plaintiffs' Third (Strict Products Liability – Design Defect) Cause of Action fails under California law because California has adopted the Restatement (Second) of Torts § 402A Comment k, which precludes liability for manufacturers of prescription medical devices under a design defect theory.  Rather, under traditional tort theories in cases not involving preemption, a medical device manufacturer can only be liable if they are found to have improperly manufactured a device or failed to warn of its known or knowable dangers. *See Brown v. Superior Court*, 44 Cal. 3d 1049, 1061 (1988) (prescription drugs); *Garrett v. Howmedica Osteonics Corp.*, 214 Cal. App. 4th 173, 178 (2013) (implanted device); *Artiglio v. Superior Court*, 22 Cal. App. 4th 1388, 1397 (1994) (same); *Plenger v. Alza Corp.*, 11 Cal. App. 4th 349, 360-361 (1992) (same); *Hufft v. Horowitz*, 4 Cal. App. 4th 8, 11 & 20 (1992) (same).  That is not the case here, and Plaintiffs' claim is properly dismissed as a result.

Plaintiffs' Fifth (Fraud) and Sixth (Intentional Misrepresentation) Causes of Action fail because neither Cause of Action is pled with the requisite particularity necessary to state a claim upon which relief can be granted.  See Fed. R. Civ. Proc. 8 and 9(b); *see also Schmidt v. Herrmann*, 614 F. 2d 1221, 1224 (9th Cir. 1980) (affirming district court's striking of plaintiffs' second amended complaint in part on the basis that plaintiffs did not comply with Rule 9(b)).  Plaintiffs fail to state their fraud-based claims with the requisite level of particularity required under the law, and therefore, dismissal with prejudice is proper.

Plaintiffs' Eighth (Breach of Express and Implied Warranties)  Cause of Action fails because the FDA-mandated labeling for the Infuse Device expressly disclaimed the existence of any warranties, express or implied. These express disclaimers squarely preclude Plaintiffs' breach of express and implied warranty claim. *See Scovil v. Medtronic*, 2014 WL 502923, *11 (D. Ariz. Feb. 7, 2014); *Appalachian Ins. Co. v. McDonnell Douglas Corp.*, 214 Cal. App. 3d 1, 34-35 (1989) (granting summary

– 3 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

judgment on express warranty claim involving written disclaimer); *Temple v. Velcro USA, Inc.*, 148 Cal. App. 3d 1090, 1094 (1983). Plaintiffs' Breach of Express and Implied Warranties claim also fails because Plaintiffs failed to plead facts showing Defendants made affirmations specifically to Plaintiffs and their physicians so as to form the basis of the bargain, as would be required to state a claim under Rule 8 of the Federal Rules of Civil Procedure. *Houston v. Medtronic, Inc.*, ---F. Supp. 2d---, 2013 WL 3927839, *10 (C.D. Cal. July 30, 2013)

Furthermore, there is no cause of action for breach of implied warranty that can survive in this case. Under California law, no implied warranty of fitness exists for an "assistive device" if that assistive device is a "surgical implant performed by a physician and surgeon." Cal. Civ. Code § 1793.02(e)(3). Plaintiffs' implied warranty of fitness claim falls within this statutory bar: the Infuse Device, which fuses the spine to avoid degenerative disc disease "assist[s] . . . the structure or any function of the body"; clearly, the degeneration of the spine is a "physical disability"; and the Infuse Device is surgically implanted by physicians. *See Fender v. Medtronic, Inc.*, 887 F. Supp. 1326, 1332–33 (E.D. Cal. 1995) (concluding Cal. Civ. Code §§ 1791, 1792.2 and 1793.02 apply to pacemaker leads and bar warranty of fitness claims).

Finally, Plaintiffs' Ninth (Negligence per se) Cause of Action fails because negligence per se is not an independent cause of action, but is instead an evidentiary presumption of negligence that is codified at California Evidence Code Section 669. *See, e.g., Johnson v. Honeywell Intern. Inc.*, 179 Cal. App. 4th 549, 555-556 (2009); *Millard v. Biosources, Inc.*, 156 Cal. App. 4th 1338, 1353, n. 2 (2007); *Quiroz v. Seventh Avenue Center*, 140 Cal. App. 4th 1256, 1285-86 (Cal. 2006); *see also Carson v. Depuy Spine, Inc.*, 365 Fed. App'x 812, 815 (9th Cir. 2010, unpub.) Considering that no cause of action exists, amendment to "properly" state a cause of action for negligence per se would be futile.

– 4 –

– 5 –

Plaintiffs' First Amended Complaint is, therefore, dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: _____

_____
Honorable George H. Wu
United States District Court

REED SMITH LLP
A limited liability partnership formed in the State of Delaware