***REMAND/JS-6***

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No. | CV 14-961-GW(FFMx) |
| Title | *Richard Plummer, et al. v. Medtronic, Inc., et al.* |
| Date | June 5, 2014 |

Present: The Honorable  GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | Pamela Batalo | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  
Hunter Shkolnik

Attorneys Present for Defendants:  
Michael Kevin Brown  
Sharre Lotfollahi

PROCEEDINGS:   PLAINTIFFS' MOTION TO REMAND TO STATE COURT [28];

DEFENDANTS MEDTRONIC, INC., MEDTRONIC SOFAMOR DANEK USA, INC., MEDTRONIC VERTELINK, INC., WYETH, LLC, WYETH PHARMACEUTICALS, INC., AND PFIZER INC.'S MOTION TO SEVER PLAINTIFFS' CLAIMS [21];

DEFENDANTS MEDTRONIC, INC., MEDTRONIC SOFAMOR DANEK USA, INC., MEDTRONIC VERTELINK, INC., WYETH, LLC, WYETH PHARMACEUTICALS, INC., AND PFIZER INC.'S MOTION TO TRANSFER VENUE [22];

DEFENDANTS MEDTRONIC, INC., MEDTRONIC SOFAMOR DANEK USA, INC., MEDTRONIC VERTELINK, INC., WYETH, LLC, WYETH PHARMACEUTICALS, INC., AND PFIZER INC.'S MOTION TO DISMISS [23]

Court hears oral argument. The Tentative circulated and attached hereto, is adopted as the Court's Final Ruling. Plaintiffs' motion to remand is GRANTED. The above-entitled action is REMANDED to the Superior Court for the County of Los Angeles (BC528729). Medtronic's motions to dismiss [21][22][23], are denied as MOOT.

                                                                                                                  :    04

                                                                 Initials of Preparer    JG

*Plummer, et al. v. Medtronic Inc., et al.,* Case No. 2:14-cv-00961 GW-FFMx
Tentative Ruling on: (1) Motion to Remand to State Court, (2) Motion to Sever Plaintiffs' Claims, (3) Motion Transfer Venue Pursuant to 28 U.S.C. § 1404(a), (4) Motion to Dismiss Plaintiffs' First Amended Complaint

Fifty individual plaintiffs (collectively "Plaintiffs"), residents (and allegedly citizens) of 24 different states (including California, Kentucky, Michigan, Tennessee, Florida, Ohio, Alabama, Georgia, Connecticut, Illinois, Missouri, Mississippi, Texas, Washington, Colorado, Nebraska, Pennsylvania, New York, New Jersey, Arizona, North Carolina, Wisconsin, Oklahoma and Louisiana), have sued Medtronic, Inc. ("Medtronic"), Medtronic Sofamor Danek USA, Inc. ("MSD"), Medtronic Vertelink, Inc. ("Vertelink"), Wyeth, Inc. ("Wyeth"), Wyeth Pharmaceuticals, Inc. ("WPI"), Pfizer, Inc. ("Pfizer"), Dr. Gary K. Michelson, Alex Bolanos, Kevin Bradley, Debbie Pagach, and Maral Amiri for 1) products liability – manufacturing defect; 2) failure to warn; 3) strict products liability – design defect; 4) strict products liability – negligence; 5) fraud; 6) intentional misrepresentation; 7) violation of California's unfair competition law; 8) breach of express and implied warranties; 9) negligence per se; 10) strict liability; and 11) punitive damages. The case involves the implantation, "in an off-label manner" (*i.e.,* not approved by the FDA), of a bioengineered, liquid, bone graft device, INFUSE™ Bone Graft, during spinal surgeries. *See* First Amended Complaint for Damages ¶¶ 1, 3-4.

Medtronic, MSD, Vertelink, Wyeth, WPI, Pfizer, Bolanos, Bradley, Pagach and Amiri removed the case to this Court from Los Angeles County Superior Court on February 7, 2014, asserting the existence of complete diversity. Plaintiffs have moved to remand. Various combinations of defendants have also moved to sever, to transfer, and to dismiss. The Court will not reach the latter three motions, because complete diversity is absent here.

The removal in this case, and much of the opposition to the motion to remand, focuses on an argument that certain defendants have been fraudulently joined in this action, meaning that their citizenship(s) should be ignored for purposes of determining whether complete diversity exists here (and for resolving any argument by Plaintiffs for application of the "no-local-defendant" rule). The Court need not resolve that fraudulent-joinder-of-defendants issue here, however, because even if it were to accept the defendants' assertion that those particular defendants were fraudulently joined, the remaining defendants who do not fall within the scope

1

of that fraudulent joinder argument are still non-diverse from certain of the plaintiffs. Specifically, the defendants' fraudulent joinder argument encompasses only Vertelink, Michelson, Amiri, Bolanos, Bradley and Pagach.

Defendants' fraudulent joinder argument does *not* encompass the remaining defendants – Medtronic, MSD, Wyeth, WPI, or Pfizer. Those five defendants are citizens of Minnesota, Tennessee, New Jersey, Pennsylvania, and New York. *See* Notice of Removal ¶¶ 69-70, 72. As the Notice of Removal freely admits, certain of the Plaintiffs are citizens of Tennessee, Pennsylvania, New York and New Jersey. *See id.* ¶¶ 22, 44, 46, 48, 51, 61. Therefore, complete diversity is lacking irrespective of the outcome of the fraudulent-joinder-of-defendants argument as to Vertelink, Michelson, Amiri, Bolanos, Bradley and Pagach.

The Defendants' theory for how they may get around this jurisdictional defect is to argue that all of the *Plaintiffs* have been fraudulently misjoined and/or to have the Court effectively decide the pending Motion to Sever before it decides Plaintiffs' Motion to Remand. Yet either of those approaches to this issue would put the procedural cart before the jurisdictional horse. A federal court must have jurisdiction in order to rule upon a motion to sever pursuant to Federal Rule of Civil Procedure 21. *See Lopez v. Pfeffer*, No. 13-cv-03341 NC, 2013 U.S. Dist. LEXIS 138922, *14 (N.D. Cal. Sept. 25, 2013) (Cousins, Mag. J.); *Becraft v. Ethicon, Inc.*, Nos. C00-1474CRB, C00-1493CRB, C00-1495CRB, C00-1496CRB, 2000 U.S. Dist. LEXIS 17725, *17-18 (N.D. Cal. Nov. 2, 2000). And, contrary to the case with respect to fraudulent joinder of *defendants*, the Ninth Circuit has never adopted a fraudulent-misjoinder-of-*plaintiffs* theory for "curing" an otherwise-present diversity shortcoming. *See, e.g., Pate v. Boston Scientific Corp.*, No. CV 13-06321 BRO (AJWx), 2013 U.S. Dist. LEXIS 152535, *11-13 (C.D. Cal. Oct. 21, 2013); *Muller v. Am. Med. Sys.*, CV 13-6276 PA (RZx), 2013 U.S. Dist. LEXIS 124747, *5-7 (C.D. Cal. Aug. 29, 2013); *Early v. Northrop Grumman Corp.*, No. 2:13-cv-3130-ODW (MRWx), 2013 WL 3872218, *5-8 (C.D. Cal. July 24, 2013); *Goodwin v. Kojian*, SACV 13-325-JST, 2013 U.S. Dist. LEXIS 53403, *9-12 (C.D. Cal. Apr. 12, 2013).[1] Absent a clear

---

[1] *California Dump Truck Owners Association v. Cummins Engine Co., Inc.*, 24 Fed. Appx. 727 (9th Cir. Dec. 5, 2001), wherein a Ninth Circuit panel "assume[d], without deciding, that this circuit would accept the doctrines of fraudulent and egregious joinder as applied to plaintiffs," *id.* at 729, is an unpublished, non-citable, non-precedential memorandum disposition. *See* Ninth Circuit Circuit Rule 36-3(a), (c). Although the defendants are correct that in *Burns v. Medtronic, Inc.*, No. 2:13-cv-06093-SVW-Ex, 2013 U.S. Dist. LEXIS 150499 (C.D. Cal. Oct. 8, 2013), the district court did indeed *sua sponte* sever the claims of the 16 plaintiffs and order the filing of separate complaints, *see id.* at *5-6, the parties – once the court had determined Michelson had been fraudulently joined as a defendant – were completely diverse, *see id.* at *4. As such, in that case there was no jurisdiction-affecting fraudulent

indication that it must do so, neither will this Court. Removal jurisdiction is to be narrowly-construed, and doubts about its propriety are to be resolved in favor of remand. *See, e.g., Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010). As such, diversity jurisdiction is lacking here. The Court grants Plaintiffs' Motion to Remand and denies the remaining motions as moot.

Defendants are free to seek to achieve severance in state court (according to any rules applicable to such motions) upon remand from this Court.

---

misjoinder of plaintiffs. Similarly, there was no jurisdictional issue in *Scovil v. Medtronic, Inc.*, No. CV-13-02093-PHX-SRB, 2014 U.S. Dist. LEXIS 17182 (D. Ariz. Feb. 7, 2014), either. *See id.* at *2.